IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVOY ROBINSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al. | : | NO. 10-265 |
| Respondents. | : | |

**EXPLANATION AND ORDER**

The Court has received correspondence dated March 24, 2010 from this Petitioner for habeas corpus relief and has been forwarded a copy of further correspondence dated April 13, 2010 that Petitioner has addressed to the Chief Judge of this Court. Petitioner's correspondence concerns his admitted confusion as to whether the undersigned is still "the assigned magistrate judge" associated with his habeas case. His confusion stems from the fact that a recent order entered granting Respondents a requested extension of time to file their answer was signed by the district court judge with ultimate authority over his case, although Respondents had submitted the proposed order regarding that extension request for my signature.

As is reflected in the enclosed docket sheet, the Honorable Michael M. Baylson referred this matter to me for a Report and Recommendation on January 27, 2010. (Doc. No. 2.) That order has not been disturbed. The matter is referred to me and will remain so either until I file my Report or an appropriate judicial officer or the Clerk of the Court revokes the referral.

The Court has already accommodated Petitioner's request for a copy of the petition materials that were received by the Court on his behalf out of a fear of tampering by prison authorities. Now Petitioner has taken it upon himself to trouble two judicial officers due to his misunderstanding regarding a routine matter. To the extent that Petitioner had a question regarding

1

"who [he should] send [his] response brief to in opposition to the District Attorney's brief," which is yet to be filed, we remind Petitioner — as we should not have to — that all submissions to the Court for filing are to be directed to the Clerk's Office and not to a particular judicial officer.

AND NOW, this 16th day of April, 2010, upon consideration of the Petitioner's *ex parte* communications with the Court dated March 24 and April 13, 2010 and in light of the foregoing explanation, **IT IS ORDERED** that:

1. The Clerk of this Court shall mail to Petitioner the enclosed current copy of the civil docket for his case, reflecting a referral to the undersigned; and

2. Petitioner shall submit no further correspondence to the undersigned except as may accompany any courtesy copy he may wish to provide of a document that has been *filed* with the Clerk of this Court and contemporaneously *served* on the Assistant District Attorney of Philadelphia County who has entered her appearance in this matter on behalf of Respondents.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE