## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVOY ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al. | : | NO. 10-265 |

### MEMORANDUM RE: PETITION FOR WRIT OF HABEAS CORPUS

Baylson, J.                                                November 4, 2011

**I.    Introduction**

Petitioner Savoy Robinson ("Robinson"), proceeding pro se, filed a Petition for Writ of

Habeas Corpus ("the Petition") under 28 U.S.C. § 2254.  (ECF No. 1.)  This Court referred the

matter to Magistrate Judge David R. Strawbridge for a Report and Recommendation ("R&R") on

the merits of the Petition.

On May 26, 2010, Judge Strawbridge filed his R&R, which recommended that the

Petition be dismissed in part and denied in all other respects.  (ECF No. 11)  On June 9, 2011,

Robinson timely filed objections to the R&R.  (ECF No. 19)  Upon an independent and thorough

review, and for the reasons stated below, the Court adopts the R&R except as noted in Part V.B

of this Memorandum, dismisses the Petition insofar as it raises any claims of error during the

proceedings for state collateral review, and denies the Petition in all other respects.

**II.    Factual and Procedural History**

On February 3, 2005, after a trial by jury, Robinson was convicted in the Court of

Common Pleas for the First Judicial District of Pennsylvania of first degree murder and

possession of an instrument of crime in Philadelphia.  On April 13, 2005, Robinson was sentenced principally to a term of life imprisonment for murder and a consecutive term of thirty to sixty months' imprisonment for the charge of possessing an instrument of crime.

On direct appeal, the Pennsylvania Superior Court affirmed the judgment of the trial court.  Commonwealth v. Robinson, No. 1676 EDA 2005 (Pa. Super. 2006).  Robinson's petition for allocator to the Pennsylvania Supreme Court was denied on May 15, 2007.  Commonwealth v. Robinson, 583 EAL 2006 (Pa. 2007).

On July 10, 2007, Robinson filed a pro se petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq.  He was appointed counsel, but his counsel determined that there were no meritorious issues to raise in an amended petition; accordingly, his counsel filed a no-merit letter pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987).

After an independent review of the record, the PCRA court dismissed Robinson's petition and permitted his counsel to withdraw.  Commonwealth v. Robinson, 2895 EDA 2008 (Pa. Ct. Comm. Pls. 2008).  Robinson timely appealed to the Superior Court, which affirmed the decision of the PCRA court on November 24, 2009.  Commonwealth v. Robinson, 2895 EDA 2008 (Pa. Super. Ct. 2009).

On May 26, 2010, proceeding pro se, Robinson filed this Petition.  Construed liberally, the Petition raises claims of prosecutorial misconduct, ineffective assistance of trial, appellate, and PCRA counsel, and various violations of Robinson's rights to due process of law.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]") (internal quotation marks omitted).

**III.    The R&R and Robinson's Objections**

    **A.    Summary of the R&R**

In the R&R, Judge Strawbridge determined that all of Robinson's claims were without merit, not cognizable on habeas review, or procedurally defaulted.  First, regarding Robinson's <u>Brady</u> claim that the state prosecutor had failed to disclose the existence of an exculpatory videotape, Judge Strawbridge found both that the claim was procedurally defaulted and that, even if the claim was not defaulted, the tape had been disclosed to the defense prior to trial.  R&R at 14-16.

Second, Judge Strawbridge determined that Robinson's claims for ineffective assistance of trial counsel were (1) procedurally defaulted, insofar as Robinson claimed that trial counsel had failed to properly preserve his <u>Brady</u> claim; and (2) without merit, insofar as Robinson challenged his trial counsel's decision to put on a justification defense at trial and not to move to suppress Robinson's confession.  R&R at 15-16.

Third, Judge Strawbridge found that all of Robinson's various claims of ineffective appellate counsel were procedurally defaulted.  R&R at 21.

Fourth, Judge Strawbridge found procedural default with respect to Robinson's contention that the trial court should have conducted a <u>Frye</u> hearing.  R&R at 25.

Fifth, Judge Strawbridge concluded that Robinson's allegations of errors during the PCRA proceedings were not cognizable for purposes of habeas review.  R&R at 25.

Finally, Judge Strawbridge rejected Robinson's claim of "cumulative error" on the basis that there were no errors successfully raised by his Petition.  R&R at 26.

**B.**     **Robinson's Objections**

Robinson timely submitted Objections to the R&R.  In reviewing his pro se submission, the Court construes his claims liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Robinson first objects to Judge Strawbridge's finding that he was not entitled to relief for his Brady claim.  Specifically, Robinson claims that this portion of the R&R was "erroneous and contrary to clearly established law as determined by the Supreme Court of Pennsylvania" because, according to Robinson, the R&R cited one Pennsylvania statute that was repealed in 1988 and another that was suspended in 1997.  Robinson further claims that evidence in the record confirms that police "kept the surveillance camera videotape locked away in police files and did not make the tape available to the defense."  Pet. Objections at 9, 10.

Second, Robinson objects to Judge Strawbridge's determination that he procedurally defaulted his claim about ineffective assistance of trial counsel insofar as trial counsel failed to preserve his Brady claim.  Robinson asserts that this claim was not defaulted because he raised it in his PCRA Petition.  Pet. Objections at 12.

**IV.     Legal Standards**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132 (Apr. 26, 1996), federal habeas relief is not available unless the petitioner has first complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Exhaustion requires that the petitioner give the state appellate courts an opportunity to review his allegations of error by "fairly present[ing]" those claims to the state courts before seeking relief in federal court.  Baldwin v. Reese, 541 U.S. 27, 27 (2004).

Exhaustion is not achieved when, inter alia, a state court declines to address a prisoner's

federal claims on "independent and adequate" state procedural grounds.  Coleman v. Thompson,

501 U.S. 722, 729-30 (1991).  If a petitioner has not exhausted his claim and the claim is

therefore defaulted, the habeas court may only review the merits of the claim if the petitioner can

show "cause and prejudice," or a fundamental miscarriage of justice.  Lines v. Larkins, 208 F.3d

153, 166 (3d Cir 2000).

When a habeas court reviews a claim that has been adjudicated on the merits in a state

court proceeding, § 2254(d) provides that relief may be granted only if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has interpreted this statutory language as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by [the Supreme] Court
> on a question of law or if the state court decides a case differently than [the
> Supreme] Court has on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may grant the writ if the
> state court identifies the correct governing legal principle from [the Supreme]
> Court's decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

Williams v. Taylor, 529 U.S. 390, 412-13; see also Matteo v. Superintendent, SCI Albion, 171

F.3d 877, 892 (3d Cir. 1999).

In reviewing a habeas petition, a district court may refer the petition to a magistrate judge

for an R&R.  28 U.S.C. § 636(b)(1)(B).  Upon receipt of the R&R, the district court reviews de

novo the portions to which a petitioner has specifically objected. 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of the portions of the report . . . to which objection is made."); see also Fed. R. Civ. P. 72. The district court may accept, reject, or modify in whole or in part the magistrate's findings. 28 U.S.C. § 636(b)(1). Reliance on the findings of the magistrate is permitted to the extent the district court deems proper. United States v. Raddatz, 447 U.S. 667, 676 (1980).

**V.    Discussion**

   **A.    Brady Claim**

   Robinson's Petition for Writ of Habeas Corpus avers that the prosecutor in his state criminal case committed a violation under Brady v. Maryland, 373 U.S. 83 (1963) by failing to disclose the existence of an allegedly exculpatory videotape that recorded footage of the hallway outside of the room in which Robinson's victim was murdered.

   The Court turns first to the question of whether Robinson's claim was procedurally defaulted. The record reflects that Robinson did not present the Brady claim to the state court until he sought collateral relief under the PCRA. See Commonwealth v. Robinson, 2895 EDA 2008, at *2 (Pa. Super. Ct. 2009). Under Pennsylvania law, PCRA review generally is not available for an issue that has been waived during previous review. 42 Pa. C.S.A. § 9543(a)(3). An issue is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa. C.S.A. § 9544(b). The PCRA court held that Robinson was not entitled to review of his claim because he had not raised it on direct appeal. Accordingly, the claim was procedurally defaulted,

as these state procedural rules constitute an "independent and adequate" state ground barring the exhaustion of Robinson's claim.  Coleman, 501 U.S. at 722.

Robinson's objection to the contrary is without merit.  Though Robinson is correct that § 9544(b) was suspended by the Pennsylvania Supreme Court on August 11, 1997 insofar as the provision refers to "unitary review," the rest of the provision remains intact and the limited suspension is of no consequence to Robinson's habeas petition.  Nor is the Court persuaded by Robinson's assertion that § 9543(a)(3) has been repealed: like many statutes, certain subsections have been amended or repealed since they were enacted, see, e.g., 42 Pa. C.S.A. § 9543(a)(3)(ii)-(iii) (repealed in 1995); Commonwealth v. Williams, 557 Pa. 207, 225-26 (1999) (discussing same)), but the current statutory language of § 9543(a)(3) is in full force and effect, precluding the exhaustion of Robinson's Brady claim.

Robinson's procedural default may be excused if he can show "cause" for the default and "prejudice" resulting from it, Coleman, 501 U.S. at 750.  In the context of a Brady claim, "cause" is established by demonstrating that the state's suppression of the evidence prevented the petitioner from presenting his claim to the state court, and "prejudice" is established by showing that the evidence was material (i.e., exculpatory or impeachment evidence).  Banks v. Dretke, 540 U.S. 668, 691 (2004).

Turning to the first prong of this standard, Robinson cannot show "cause" because the evidence makes plain that the videotape was not kept secret from the defense.  Rather, the videotape was placed on a property receipt numbered 2527418, and that receipt was specifically disclosed to the defense in an August 31, 2004 letter to defense counsel disclosing various discovery items.  Govt. Ans. at Exh. G.  In that letter, the government also disclosed the

statement of the officer who had obtained the tape, describing how he had obtained it and the fact that he had recorded it on property receipt 2527418.  Govt. Ans. at Exh. H.  Finally, at trial during defense counsel's cross-examination of one of the detectives involved in the investigation, defense counsel marked the property receipt as a defense exhibit and questioned the detective at length about the receipt and the contents of the videotape.  Trial Trans. 2/2/2005 at 85-91. Defense counsel's questions clearly reflected his familiarity with the contents and nature of the tape, and there was no suggestion whatever that the defense had not been informed about the existence of the tape prior to trial. In light of these facts in the record, the Court concludes that the videotape was not suppressed; thus, Robinson does not have "cause" for his procedural default of the <u>Brady</u> claim.  Indeed, because suppression of the videotape is an element of the substantive <u>Brady</u> claim itself, even if Robinson's claim were not procedurally defaulted, he would not be entitled to relief.

**B. Claim for Ineffective Assistance of Trial Counsel**

Robinson's Petition argues that his trial counsel was ineffective insofar as, among other things, he failed to properly preserve Robinson's <u>Brady</u> claim.  The R&R found that Robinson's claim was procedurally defaulted because he had never raised this claim to the state courts in any stage of proceedings, including in collateral review under the PCRA.  Robinson objected on the basis that he had raised this claim in his PCRA petition.

A close inspection of the record confirms that Robinson did not procedurally default his claim.  In Pennsylvania, claims for ineffective assistance of trial counsel cannot be raised on direct appeal, but rather must be raised in the first instance in a petition seeking collateral relief under the PCRA.  <u>Commonwealth v. Grant</u>, 572 Pa. 48 (2002); <u>see also</u> <u>Wallace v. Wydner</u>,

8

2010 WL 173598, at *3 (E.D. Pa. Jan. 15, 2010) (discussing the rule of Grant).  Accordingly, to "exhaust" his ineffectiveness claim for purposes of habeas review, Robinson need only have raised it in his PCRA petition and on appeal before the Superior Court from the PCRA court's order dismissing the petition.

Robinson preserved his claim at both stages of PCRA review.  In the first stage, Robinson's pro se Amended PCRA Petition raises the question of whether "trial counsel, Dale L. Nicholson, render[ed] ineffective assistance when he . . . failed to raise issue [sic] of prosecution's failure to provide exculpatory videotape evidence that the prosecution knew was constructively held in Police files? [Suggested Answer in the Affirmative]."  Amended PCRA Petition at 7, Commonwealth v. Robinson, 2895 EDA 2008 (Pa. Ct. Comm. Pls. 2008). Although Robinson did not further elaborate on this allegation except insofar as he discussed the exculpatory nature of the tape and its alleged non-disclosure by the police and prosecution, the Court must liberally construe his pro se submission and therefore concludes that the issue of whether his trial counsel was ineffective for failing to preserve his Brady claim was fairly presented to the state court.

Nevertheless, in its Order of October 3, 2008 dismissing Robinson's petition, the PCRA court was silent regarding this particular claim of ineffective assistance of trial counsel.  The order addressed Robinson's other claims for relief and denied each one.  Commonwealth v. Robinson, 2895 EDA 2008 (Pa. Ct. Comm. Pls. 2008).

Robinson appealed to the Superior Court from the PCRA court's dismissal, and on appeal he once again raised his theory of ineffectiveness of trial counsel based on the failure to preserve his Brady claim.  His brief to the Superior Court alleged that his PCRA petition should have been

9

granted because "trial counsel failed to introduce or argue" that "[v]ideotape recordings were suppressed by the Commonwealth in violation of the Rule of Brady."  Brief for Appellant at 30, Commonwealth v. Robinson, 2895 EDA 2008 (Pa. Super. Ct. 2009); see also id. at 6, 22.  The Commonwealth's responsive brief, which devoted a short section to disputing this theory of ineffectiveness, further corroborates a finding that Robinson adequately preserved his claim.  See Brief for Commonwealth at 13, Commonwealth v. Robinson, 2895 EDA 2008 (Pa. Super. Ct. 2009).

Yet again, however, the reviewing court did not recognize or address the issue in any way.  Instead, the Superior Court discussed seven of Robinson's other claims in its November 24, 2009 opinion affirming the PCRA court's dismissal of Robinson's petition.  Commonwealth v. Robinson, 2895 EDA 2008 (Pa. Super. Ct. 2009).

Despite the fact that neither the PCRA court nor the Superior Court addressed the merits of Robinson's claim, remand would be futile because the PCRA establishes a one-year limitations period for the consideration of PCRA petitions, and the present circumstances do not qualify for any of the statutory exceptions to that limitations period.  See 42 Pa. C. S. § 9545(b)(1).  Accordingly, the Court finds that Robinson exhausted his claim by raising it at each appropriate opportunity before the state courts, even though no state court has previously, or can now, adjudicate the claim on the merits.

The Court turns now to adjudication of the merits of Robinson's claim for purposes of determining whether he is entitled to habeas relief.  A successful claim of ineffective assistance of counsel requires satisfaction of both prongs of a two-part test.  See Strickland v. Washington, 466 U.S. 683, 687 (1984).  First, a petitioner must show that the assistance provided by counsel

was deficient.  Id.  Second, a petitioner must show that the deficient performance resulted in prejudice to the defense.  Id.

Here, Robinson fails to satisfy the requirements of Strickland because "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."  United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).  As already discussed in Part V.A of this Memorandum, Robinson's underlying Brady claim is without merit.  The evidence in the record conclusively demonstrates that the existence of the videotape was, in fact, disclosed by the government to defense counsel prior to trial.  The law does not require trial counsel to preserve a Brady claim under circumstances in which no Brady violation occurred.  See Sanders, 165 F.3d at 253.  Accordingly, Robinson is not entitled to relief.

## VI.    Conclusion

For the foregoing reasons, the Court adopts the R&R except as noted in Part V.B of this Memorandum, dismisses the Petition for Writ of Habeas Corpus insofar as it raises any claims of error during the PCRA proceedings, and denies the Petition in all remaining aspects.  The Court concludes that there is no basis for issuance of a certificate of appealability.  An appropriate Order follows.

O:\CIVIL 09-10\10-265 Robinson v. Coleman\Robinson - Memo (10.27.11).wpd